UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN P. FAISON,

                Plaintiff,

– against –

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**OPINION & ORDER**

18 Civ. 10146 (ER) (SDA)

RAMOS, D.J.:

    John P. Faison brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security denying his application for supplemental security income. Pending before the Court is the Commissioner's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). On January 4, 2020, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation (the "R&R"), recommending that the Commissioner's motion be granted and notifying the parties that they had 14 days from service of the Report to file written objections. Doc. 19. On January 27, 2020, Faison submitted his objection to the R&R. Doc. 22.

## I. STANDARD OF REVIEW

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 635 (b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636 (b)(1)(C); *see also United States v. Male Juvenile (95–CR–1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is

apparent from the face of the record. *Lewis v. Zon*, 573 F.Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F.Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted); *see also Genao v. United States*, No. 08 Civ. 9313 (RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011) ("In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the [R&R] for clear error.").

## II. DISCUSSION

In his objection, Faison first attaches a letter dated January 9, 2020 from Dr. Matthew F. Garofalo — a psychiatrist who has treated Faison since July 2019 — that Judge Aaron had not considered. In Garofalo's letter, the psychiatrist indicates that Faison has been treated for Post-Traumatic Stress Disorder, Intermittent Explosive Disorder, Unspecified Schizophrenia Spectrum and Other Psychotic Disorder, and Paranoid Personality Disorder. The latter two diagnoses were not included in the administrative record. Garafolo goes on to describe the symptoms of those disorders, and he opines that Faison "is significantly functionally impaired secondary to the above active psychiatric illnesses and is not able to work."

A district court may remand a case to the Commissioner for consideration of new evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 1383(c)(3). To be material, the new evidence must be "relevant to the claimant's condition during the time period for which benefits were denied and probative . . . . The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).

As an initial matter, Faison has included no argument in his objection for why this evidence is new, material, or that there is good cause for why it or similar information was not included before. Regardless, the Court finds that the new evidence presented, namely new diagnoses of Unspecified Schizophrenia Spectrum and Paranoid Personality Disorder, is not material. As Garofalo only began treating Faison in July 2019 — well after the time period at issue in Faison's petition — the administrative law judge ("ALJ") would not be required to give his opinions controlling weight. *See, e.g.*, *Reynolds v. Colvin*, 570 F. App'x 45, 48 (2d Cir. 2014); *Monette v. Astrue*, 269 F. App'x 109, 112 (2d Cir. 2008). And the record illustrates that the ALJ carefully considered the symptoms of these disorders in his decision. *See* R. 20–22, Doc. 9. Finally, Garofolo's bare opinion that Faison is unable to work is not binding; such determinations are reserved for the Commissioner. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative.").

Faison's remaining objections either introduce new arguments not raised before Judge Aaron or repeat arguments previously made. The Court will not consider the former, as litigants are required to make all arguments before the magistrate judge in the first instance. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 352 (S.D.N.Y. 2006). Nor will the Court revisit the latter, as Faison points to no fact that the R&R overlooked or misconstrued, and no legal conclusion that he argues constitutes error. Consequently, the R&R is not subject to *de novo* review; the Court instead reviews it for clear error. *See Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) ("[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). The Court has carefully reviewed Judge Aaron's thorough and well-reasoned R&R and finds no error, clear or otherwise. Accordingly, the Court adopts the R&R in its entirety. The

Commissioner's Rule 12(c) motion is GRANTED. The Clerk of Court is respectfully directed to enter judgment, terminate the motion, Doc. 14, and to close the case.

It is SO ORDERED.

Dated: March 31, 2020
New York, New York

EDGARDO RAMOS, U.S.D.J.